UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Case No.   4:25-333 |
| | § | |
| v. | § | |
| | § | JUDGE ANDREW S. HANEN |
| LEOPOLDO PERRAULT BENITEZ, | § | |
| ANTHONY BENITEZ, and | § | |
| ISAAC ALBERTO SIERRA | § | UNDER SEAL |
| Defendants. | § | |

## MOTION TO DESIGNATE CASE AS COMPLEX

The United States of America through Nicholas Ganjei, United States Attorney, and Richard D. Hanes, Assistant United States Attorney, respectfully moves that the Court designate this case as complex pursuant to Title 18 United States Code, § 3161(h)(7)(B)(ii).

Under the Speedy Trial Act, Title 18 United States Code, § 3161 *et seq.*("Act"), a defendant's trial must generally commence within 70 days of their indictment or first appearance before a judicial officer, whichever is later.  18 U.S.C. § 3161(c)(1).   The Act, however, excludes certain periods from this computation, including continuances granted for complex cases.

The Court may toll the 70-day period by granting a continuance based on the Court's finding that the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial.  *Id.* at § 3161(h)(7)(A).  In determining whether to grant a continuance under this provision, the Court must consider the below applicable factors as such as:

(1)   whether the failure to grant such a continuance would result in a miscarriage of justice;

(2)   whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the prescribed time limit; and

1

    (3)    whether the failure to grant such a continuance, which, taken as a whole, is not so unusual or so complex as to fall within the above provision, would deny counsel for the defendant or attorney for the Government the reasonable time necessary for effective preparation, considering the exercise of due diligence.

*Id.* at §§ 3161(h)(7)(B)(i), (ii) & (iv).

In addition to the nature of the case and the number of defendants, courts have also considered the volume of discovery and investigative materials in designating cases as complex. *See e.g.*, *United States v. Edelkind*, 525 F.3d 388, 397 (5th Cir. 2008) (noting that the district court had designated a criminal child support case as complex due to voluminous documents, sealed documents, and the logistical complications caused by Hurricane Katrina). Further, as the Fifth Circuit has recognized, a designation based on the volume of discovery and complexity of the case, is consistent with cases interpreting the Act. *See e.g.*, *United States v. Bieganowski*, 313 F.3d 264, 282 (5th Cir. 2002) (upholding a continuance based on an "ends of justice" analysis after the district court designated the case complex based on the high volume of discovery); *United States v. Eversole*, 783 F. Supp. 2d 972, 975 n. 5 (S.D. Tex. 2011) (granting an "ends of justice" continuance, based in part, on the amount of discovery involved).

Applying these considerations here, the United States respectfully requests that the case be certified as complex. The indictment in this case involves three defendants alleged to have engaged in a course of criminal conduct involving numerous transactions, resulting in what has been estimated as over a terabyte of discover. The amount of discovery is consistent with cases interpreting the application of the Act to allow a case to be certified as complex based upon the volume of discovery and complexity. *Bieganowski*, at 282.

The United States respectfully requests the Court designate this case as complex as adequate preparation for trial would be unreasonable within the bounds of the Speedy Trial Act.

## **CONCLUSION**

The United States respectfully requests that the Court designate this case as complex, tolling the time limits under the Speedy Trial Act considering the matters stated herein.

                                                Respectfully submitted,

                                                NICHOLAS GANJEI
                                                United States Attorney

                                                */s/ Richard D. Hanes*
                                                RICHARD D. HANES
                                                Assistant United States Attorney

**Certificate of Service**

I certify that, on the date this was filed with the Court, a copy of this foregoing was provided to counsel for defendants via ECF and/or e-mail.

*Richard D. Hanes*
RICHARD D. HANES
Assistant United States Attorney

**Certificate of Conference**

I certify that I have communicated with counsel for defendants and determined that they have no objection to the granting of this motion.

*Richard D. Hanes*
RICHARD D. HANES
Assistant United States Attorney